UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MOHAMMAD RIBHI KAHOOK** | : | Case Nos. 1:07-cr-00191; 1:08-CV-00708 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Before the Court is Mohammad Ribhi Kahook's Motion for Relief under 18 § U.S.C. 2255. (Doc. 180.) In that Motion, he asserts that he is entitled to a downward departure due to the conditions of his confinement while awaiting sentencing and post-sentencing proceedings. For the aforementioned reasons, that Motion (Doc. 180) is **DENIED**.

On March 28, 2007, a Federal Grand jury returned a 51 count indictment against numerous persons, including four counts pertaining to Petitioner Mohammad Ribhi Kahook:

a.  Count 1: conspiracy to commit mail fraud under 18 U.S.C. § 371.

b.  Count 32: conspiracy to commit money laundering under 18 U.S.C. § 1956(a)(1) and (h).

c.  Count 50: Social Security fraud under 42 U.S.C. § 408(a)(3) and 18 U.S.C. § 2.

d.  Count 51: False Statements under 18 U.S.C. § 1001(a)(2).

Each of these counts included serious penalties. Count 32 carried a potential statutory penalty of twenty years incarceration and the other offenses called for statutory penalties of up to five years incarceration each.

On August 27, 2007, petitioner Kahook entered into a written plea agreement, agreeing to plead guilty to Counts 32 and 50 of the indictment. Kahook was thereafter sentenced to 21 months custody, with credit for time served.[1]

In his plea agreement, Kahook specifically waived the right to appeal or collaterally attack his sentence:

> Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. §3742, and to challenge the conviction or <u>sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255</u>. Defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range agreed to by the parties. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or governmental misconduct.

(Doc. 112 at 18) (emphasis added). The waiver, moreover, was explained to Kahook, both by his counsel, and by the Court:

> THE COURT: Did you talk [with your counsel] about the rights that you would be waiving if you decided to plead guilty?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you satisfied with the advice that they have given you and the efforts that they have made on your behalf?
>
> THE DEFENDANT: Yes, Your Honor.
>
> . . . .
>
> THE COURT: [A]s it relates to an appeal from a sentence, if I do sentence you consistent with the Guideline stipulations here, <u>do you understand that in this plea agreement you will have waived virtually all of your rights to appeal not just from a conviction but from a sentence that I have imposed</u>?
>
> THE DEFENDANT: Can you repeat that one more time, Your Honor?

---

[1] It is noteworthy that the Court found Kahook deserving of a downward departure on his criminal history level. (*See* 8/27/07 Hrg. Tr. at 11:19–12:14.)

2

> THE COURT: If I sentence you consistent with this plea agreement, you will have also waived your right to appeal from the sentence that I impose.
>
> THE DEFENDANT: Yes, Your Honor.

(8/27/07 Hrg. Tr. at 9:7–13; 25:19–26:4; *cf.* 6/12/08 Hrg. Tr. at 28:23–29:3 ("Sir, by virtue of your plea in this case, you waived your right to appeal from the conviction on these two counts that you pled guilty to. In your plea agreement, you also waived your right to appeal from the sentence that I have just imposed, and that waiver was very broad.").)

Such plea agreements are valid and enforceable: Kahook has waived his right to attack his sentence through these proceedings.[2]  *Jones v. United States*, 120 Fed. Appx. 594, 595 (6th Cir. 2005) ("In his written plea agreement, [Petitioner] waived his right to file a direct appeal and his right to file a collateral attack on his sentence."); *United States v. Tula*, No. 99-5495, 2000 U.S. App. LEXIS 16206, at *6-7 (6th Cir. July 7, 2000) ("[Petitioner] agreed to waive an appeal and collateral attack of all issues except for prosecutorial misconduct and ineffective assistance of counsel.  Absent a showing that the plea itself is invalid because it was not made voluntarily or knowingly, this Court will not hear an appeal on an issue that a defendant has waived."); *Hubert v. United States*, No. 5:06-CV-000P10, 2006 U.S. Dist. LEXIS 58568, at *10 (W.D. Ky. Aug. 17, 2006) ("[Petitioner] entered into a plea agreement in which he 'waive[d] his right to challenge his sentence and the manner in which it was determined in any collateral attack'"); *cf. United States v. Akers*, 135 Fed. Appx. 856, 857 (6th Cir. 2005) ([Petitioner] waived the right to appeal the guilty plea and conviction, as well as the right to any collateral attack on the guilty plea and conviction.  He did not, however, waive right to appeal his sentence.).  As Kahook explicitly waived his right to appeal or collaterally attack this sentence, this Court cannot

---

[2] Kahook was not sentenced in excess of the statutory maximum and his sentence was not an upward departure from the Sentencing Guidelines.  Furthermore, his petition does not allege ineffective assistance of counsel, nor does it assert governmental misconduct.  Finally, his petition does not assert that his guilty plea was anything other than knowing and voluntary.

consider the instant motion. *See United States v. Villanueva*, 249 Fed. Appx. 413, 416 (6th Cir. 2007) ("Even if the district judge … [intended] to restore the defendant's appeal rights, the district court would have lacked the power to unilaterally make such a modification or amendment to the plea agreement."). Perhaps belatedly recognizing this, Kahook did not file a reply brief when the Government noted that Kahook had waived his right to relief under 28 U.S.C. § 2255.

Even if Kahook had not waived his right to file a petition under § 2255, moreover, his claim would still not be well taken, because it has been procedurally defaulted. Kahook never sought a variance or departure on the ground that he currently asserts, nor did he establish the factual predicate for such a variance or departure at sentencing. So, too, Kahook never appealed his sentence on the grounds that this Court abused its discretion in failing to give Kahook the credit he now seeks. *See Hicks v. United States*, 122 Fed. Appx. 253, 259–60 (6th Cir. 2005) ("A petitioner's failure to raise a claim on direct appeal results in procedural default of that claim." (citing *Bousley v. United States*, 523 U.S. 614, 621, (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001)).

For the foregoing reasons, the motion, the answer, and the records of the case show conclusively that Kahook is not entitled to relief under 28 U.S.C. § 2255. Consequently, an evidentiary hearing is not required prior to ruling. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, Mohammad Ribhi Kahook's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. 180) is **DENIED** and his case **DISMISSED**.

The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

4

**IT IS SO ORDERED.**

                <u>s/Kathleen M. O'Malley</u>
                **KATHLEEN McDONALD O'MALLEY**
                **UNITED STATES DISTRICT JUDGE**

**Dated: March 1, 2010**